UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:16-CR-82-TAV-CRW-4 |
| | ) | |
| CHRISTY NORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's *pro se* Motion under

18 U.S.C. § 3582(c)(2) [Doc. 132] to which the government responded in opposition

[Doc. 135].

In her motion, the defendant asks the Court to resentence her in light of Sentencing

Guidelines Amendment 794, which clarifies the circumstances under which courts should

grant a minor or minimal role reduction under U.S.S.G. § 3B1.2. The Court notes that

18 U.S.C. § 3582(c) authorizes a sentence reduction consistent with the policy statements

in the Sentencing Guidelines where a defendant has "been sentenced to a term of

imprisonment based on a sentencing range that has been subsequently lowered by the

Sentencing Commission" via a retroactively applicable amendment. *See* 18 U.S.C.

§ 3582(c)(2).

In this case, the Sentencing Commission has not designated Amendment 794 as a

retroactive amendment by listing it in U.S.S.G. § 1B1.10(d). Because § 1B1.10 is a policy

statement, and because § 1B1.10(d) does not list Amendment 794 as a retroactive amendment, resentencing the defendant in light of Amendment 794 would not be consistent with the Sentencing Commission's policy statements. Thus, it is not warranted under 18 U.S.C. § 3582(c)(2). *See United States v. Sprouse*, No. 2:12-cr-122, 2017 WL 218376, at \*2 (E.D. Tenn. Jan. 18, 2017) (finding that a sentence reduction under Amendment 794 is not consistent with applicable policy statements issued by the Sentencing Commission, and thus not available under 18 U.S.C. § 3582(c)(2)).[1]

Therefore, because resentencing the defendant pursuant to Amendment 794 would be inconsistent with the Sentencing Commission's policy statements, § 3582(c)(2) does not authorize the Court to resentence the defendant. As such, the Court **DENIES** the defendant's motion [Doc. 132].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Sixth Circuit has held that Amendment 794 applies retroactively to cases on direct appeal to an appellate court. *See United States v. Carter*, No 15-3618, 2016 WL 5682707 (6th Cir. Oct. 3, 2016). However, the defendant's sentence in this case is already final, rendering *Carter* inapplicable.